IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

```
RALPH MILLER,                          )
                                       )
        Plaintiff,                     )
                                       )
                                       )    No. CIV-16-354-M
v.                                     )
                                       )
CAROLYN COLVIN, Acting                 )
Commissioner of Social Security        )
Administration,                        )
                                       )
        Defendant.                     )
```

REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff, appearing *pro se* and *in forma pauperis*, filed a Complaint in this action on April 13, 2016, seeking to appeal the final decision of Defendant Commissioner denying his application for social security disability benefits. On April 15, 2016, United States District Judge Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

Rule 4(m), Federal Rules of Civil Procedure, provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On July 13, 2016, the undersigned entered an Order advising Plaintiff that the 90-day

1

time period for the completion of service upon Defendant expired on July 12, 2016. Plaintiff was notified of the undersigned's intention to recommend dismissal of the action without prejudice unless he showed good cause for his failure to timely serve Defendant.

In response to this Order, Plaintiff submitted a letter in which he stated that he had been unable to obtain private counsel and that he had begun the process of "serving the Social Security Administration" on July 26, 2016. The Court's docket sheet reflects that on July 26, 2016, Plaintiff submitted a request to the Clerk of the Court for the issuance of one summons directed to "Social Security Commissioner." Plaintiff did not, however, file a return of service or any document reflecting that service of process had been obtained upon Defendant in compliance with Rule 4(i).

In an Order entered July 28, 2016, the undersigned found that Plaintiff had not shown good cause for his failure to properly serve Defendant with process within the time period required by Rule 4(m). See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995)("If good cause is shown, the plaintiff is entitled to a mandatory extension of time."). However, the undersigned granted Plaintiff a permissive extension of time of thirty days, or until August 28, 2016, to properly accomplish service of process upon Defendant in compliance with Fed. R. Civ. P. 4(i) and submit proof of such service to the Court. Id. at 841 ("If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."). Plaintiff was advised of the undersigned's intention to recommend the dismissal of the action without prejudice unless Plaintiff complied with the Order.

Plaintiff has filed a notice reflecting that the Social Security Administration signed a return receipt for mail sent by Plaintiff and delivered to the Commissioner's office in Washington, D.C. Attached to the return receipt is a "Proof of Service" form signed by Mr. Lowell Gonacke, but Mr. Gonacke does not attest that he actually served a summons on the Commissioner of the Social Security Administration. Additionally, Plaintiff has not filed a return reflecting that service of process has been obtained upon the United States as required by Fed. R. Civ. P. 4(i). Nor has Plaintiff explained why he has failed to serve Defendant with process as required by Fed. R. Civ. P. 4(i) or requested an additional extension of time to complete service. Therefore, Plaintiff has not shown good cause for his failure to effect timely service of process in this action.

Plaintiff was previously granted a permissive extension of time to effect proper service. He has not done so, and there are no policy considerations that would warrant granting Plaintiff a second permissive extension of time to serve Defendant. See id. at 842 (permissive extension of time may be warranted "if the applicable statute of limitations would bar the refiled action" or where "policy considerations might weigh in favor of granting a permissive extension of time")(quotation and citation omitted).

Therefore, the cause of action should be dismissed without prejudice for failure to timely and properly serve Defendant. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007)(holding where the dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures").

3

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED WITHOUT PREJUDICE for failure to timely and properly serve the Defendant with process. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by     September 28th    , 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   8th    day of     September    , 2016.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

4